UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>JODIE HAMRICK,<br><br>                Defendant. | CASE NO. **2:20-cr-00079-RAJ**<br><br>**ORDER DENYING MOTION TO MODIFY CONDITIONS OF RELEASE** |

Defendant moves the Court to modify her appearance bond in three respects. Dkt. 144. First, she requests the Court remove any condition "involving drug and alcohol testing." The Court declines to do so. The Court imposed this condition for a reason and Defendant's conduct since release shows there is little reason to remove the condition. The Court record shows the pretrial office alleged Defendant violated this condition by failing to report for drug test on five different days in January 2022. Dkt. 87. The resolution of the allegation was delayed because Defense counsel raised concerns Defendant was not competent to proceed. Dkt. 90. On May 19, 2022, the Court entered an order finding Defendant competent to proceed. Dkt. 118.

On June 10, 2022, the pretrial office alleged Defendant again violated conditions of release, including the allegation she failed to comply with urine testing by submitting a dilute sample of June 3, 2022. Dkt. 119. On June 13, 2022, Defendant admitted she violated her

ORDER DENYING MOTION TO MODIFY
CONDITIONS OF RELEASE - 1

appearance bond by failing to report for drug test on five different days in January 2022 and submitting a dilute sample on June 3, 2022. Dkt. 121. The Court accordingly denies the request that the drug and alcohol conditions including testing be removed.

Defendant next requests the Court remove the condition she comply with Federal, State and local COVID-19 directives because the COVID-19 pandemic is no longer a national health emergency. The Court declines the request. If Federal, State, and local directives regarding COVID-19 have been lifted, then the condition imposes little to no burden upon Defendant. But the dangers COVID-19 presents to both individuals and the nation is a constantly moving target and given the amount of time between this date and the trial date, new directives could be imposed.

And lastly, Defendant requests the Court clarify "the employer notification requirement to make clear that her obligation is limited to notifying probation when she seeks a particular position which will then make a case-by-case determination as to whether employee notification is necessary." Dkt. 144. The Court views Defendant's statement less as a request to clarify and more as a request to alter the notification condition contained the original appearance bond, Dkt. 14, that requires Defendant to inform her employer of the charges in this case and requiring the employer to sign a Third Party Disclosure Form as directed by Pretrial Services.

The record clearly establishes that this condition was ordered in 2020, and was reinstated on April 2, 2021, after the Court heard argument from the parties. The Court rejected defense counsel's objections to the condition, and instead indicated the Court "has a clear duty to protect [Defendant's] employer and her employer's clients." See Dkt. 63 (Supplement Order re: Notification of Defendant's employer.  Moreover, the Court's order states that "PTS will assure that an appropriate disclosure has been made timely, and if it has not, will make the disclosure

itself."

Hence it is very clear that Defendant has an affirmative duty to notify her employer, and that pretrial services must notify the employer if Defendant fails to do so. The Court notes Defendant's requests contains a twist, in that she appears to ask that for permission to be relieved of the notification conditions when she is seeking a job in which "employer notification is unnecessary." Dkt. 114 at 3. The Court recognizes that the dangers to an employer and its clients might encompass a wide range from great risk to less risk. However, given the language of Judge Weinberg's Supplement Order re: Notification of Defendant's employer which requires Defendant to disclose, and if she fails, for the pretrial services to affirmatively notify the employer, the Court declines to make any alterations. Judge Weinberg order has stood since it was issued in 2021 and it still stands. Defendant is thus required to comply with that order as well as all other conditions contained in the appearance bond and order of release.

DATED this 12th day of May, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge