The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>   v.<br><br>JODI HAMRICK,<br><br>      Defendant. | NO. CR20-00079RAJ<br><br>ORDER ON GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT PRIOR EVIDENCE OF DEFENDANT'S PRIOR FORGERY AND EMBEZZLEMENT |

## I.  INTRODUCTION

THIS MATTER comes before the Court upon the government's motion to admit evidence of defendant's prior forgery and embezzlement. Dkt. 136. The Court has considered the government's motion, the defendant's response (Dkt. 147) the government's reply (Dkt. 148) and the files and pleadings herein. For the reasons below, the Court **GRANTS** the government's motion.

## II. LEGAL STANDARD

The defendant is charged in the Superseding Indictment with multiple counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2; aggravated identity theft in violation of 18 U.S.C. §§ 1028A and 2; and conspiracy to commit wire fraud and aggravated

ORDER - 1

identity theft in violation of 18 U.S.C. § 371. Dkt.7. The government seeks to admit evidence of the defendant's 2010 forgery and embezzlement of funds from her previous employer, Tom Cat Construction, LLC, to prove intent, knowledge, absence of mistake and or lack of accident.

The facts of the underlying conduct in the Tom Cat Construction matter are generally not in dispute. The essence of the defense opposition to admission of this evidence is because the prior embezzlement and forgery are not similar to the embezzlement and forgery charged in this case.

In the prior matter, the defendant was the bookkeeper for Tom Cat Construction in 2011. While the owner of that company was on vacation, Hamrick wrote an unauthorized $27,000 check payable to Bank of America from the company account. Hamrick is alleged to have forged the owner's signature, deposited the check in her personal account and used the funds to pay her personal credit card debt. The fraudulent check cleared on or about January 12, 2010, but the company owner did not learn about it until he returned to the United States in February of 2010. After reading his bank statement, the owner confronted Hamrick and she admitted to the theft. Hamrick admitted cashing the check and reimbursed her former employer for the loss. While the crime was reported to the King County Sheriff's Office, the owner did not press charges against Hamrick. Dkt. 136, at 2 and Dkt. 147, at 1-2.

The government seeks to offer evidence of the Tom Cat Construction matter in the instant case pursuant to Rule 404(b)(2) of the Federal Rules of Evidence. Evidence of such prior conduct is admissible under the rule to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. The defendant contends this evidence is marginally probative, not relevant under Rule 403 and should be excluded because it is cumulative and would result in a waste of time. Dkt. 147, at 6.

Evidence of a defendant's uncharged acts is admissible under Rule 404(b) if it: "(1) tends to prove a material point in issue; (2) is not too remote in time; (3) is proven

ORDER - 2

with evidence sufficient to show that the act was committed; and (4) if admitted to prove intent, is similar to the offense charged." *United States v. Wells,* 879 F. 3d 900, 930 (9th Cir. 2018).

### III.   DISCUSSION

As noted by the government, the defense does not dispute that the evidence at issue meets the first three criteria for admissibility of evidence under Rule 404. The Court agrees with this observation and will focus on the remaining challenges of similarity, cumulative nature, and waste of time arguments of the defendant.

A component of the defense objection is that the government: "…already has a substantial amount of evidence to prove its case." Dkt. 147, at 6. While this may prove to be true, that observation is not a factor to be weighed in assessing admissibility.

Nor does the defendant's contention that the proposed Rule 404b evidence would result in a waste of time justify exclusion under Rule 403. It appears that the facts necessary to establish the proposed 404 evidence would be primarily the testimony of T.E., the owner of Tom Cat Construction. Dkt. 136, at 7. Such limited testimony would not appear to unnecessarily delay or prolong the government's case in chief. The Court expects such testimony to be short in duration and not delay the proceedings.

Consequently, the remaining challenge to admissibility is the defendant's similarity challenge. The defendant cites *United States v. Arambula-Ruiz,* 987 F.2d 599, (9th Cir. 1993) as controlling on this point. The Court agrees with the government that the defense misreads the import of that decision. *Arambula-Ruiz* clearly indicates to the contrary. It notes that similarity is not required when the prior evidence is offered to prove knowledge: "When offered to prove knowledge, however, the prior act need not be similar to the charged act as long as the prior act was one which would tend to make the existence of the defendant's knowledge more probable than it would be without the evidence." *Id.* at p. 603.

Here it is abundantly clear that the Tom Cat Construction evidence is offered not only to show intent, but also to prove knowledge, absence of mistake and accident. The

threshold for admissibility under Rule 401 is that the evidence has any tendency to make a fact more or less probable than it would be without the evidence, and that the fact is of consequence in determining the action.

The allegations in this case require the government to prove the defendant demonstrated the necessary intent or knowledge to commit the charged offenses. As such the state of mind of the defendant will be a critical element that must be established by the government. The Tom Cat Construction evidence is clearly relevant to this issue. What the defendant did at the Tom Cat Construction Company supports admission under Rules 401, 403, and 404(b).

Independent of the knowledge/intent issue is the unmistakable similarity of the prior forgery to the current offense. In each of the positions, the defendant worked in a position of trust as a bookkeeper. She embezzled funds for her own use from her employer and took advantage of absent owners…one being out of town and the other being a silent partner. While there is disparity in the breadth and scope of the Tom Cat Construction forgery compared to the instant offense, this fact alone does not preclude admissibility.

The Court further notes that other components for admissibility are easily met by the government. The evidence is not too remote since the embezzlement from Tom Cat Construction occurred in January of 2010 and the defendant is accused of committing the GCF fraud commencing in approximately November 2011. Dkt. 136, at 6.

The Court's understanding is that T.E. of Tom Cat Construction will provide evidence regarding the prior forgery. This is direct evidence of the commission of the prior offense and clearly sufficient to meet the requirement for admissibility.

## IV. CONCLUSION

In light of the foregoing, the government's motion in limine to admit evidence of defendant's prior forgery and embezzlement is **GRANTED**. The government is directed to provide a jury instruction to be read to the jury before the Rule 404(b) evidence is

presented at trial and also as an instruction to be read to the jury in the concluding instructions at the end of the trial.

DATED this 1st day of November, 2023.

*Richard A. Jones* (signature)

The Honorable Richard A. Jones
United States District Judge

ORDER - 5