The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. JODI HAMRICK, Defendant. | NO. 2:20-cr-00079-RAJ<br><br>ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on Defendant Jodi Hamrick's motion for compassionate release. Dkt. 332. Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained herein.

## I. BACKGROUND

Ms. Hamrick is an inmate currently detained at Federal Medical Center Lexington, with a projected release date of October 20, 2027. On January 19, 2024, after a six-day trial, a jury found Ms. Hamrick guilty of four counts of Wire Fraud, one count of Aggravated Identity Theft, and one count of Conspiracy to Commit Wire Fraud and Aggravated Identity Theft. Dkt. 226. On April 26, 2024, this Court sentenced Ms. Hamrick to a total term of 36 months of imprisonment, to be followed by three years of supervised release. Dkt. 253.

Ms. Hamrick now moves for compassionate release, arguing that she presents extraordinary and compelling reasons for the Court to reduce her sentence to time served on the grounds that she is the sole caregiver for her terminally ill mother and her elderly father, and that she suffers from a rare autoimmune disease for which the Bureau of Prisons (BOP) is unlikely to provide adequate medical care. Dkt. 332. The government opposes Ms. Hamrick's motion. Dkt. 334.

## II. DISCUSSION

### A. Legal Standard for Release or Reduction in Sentence Under 18 U.S.C. § 3582(c)(1).

District courts generally lack authority to modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 819 (2010). Title 18 U.S.C. § 3582(c)(1)(A) provides an exception to that rule and permits this Court to reduce a sentence if the defendant can show that (1) she exhausted her administrative remedies; (2) "extraordinary and compelling reasons" justify a reduction; (3) a reduction is consistent with Sentencing Commission policy statements; and (4) the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of release. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

In 2023, the Commission revised USSG § 1B1.13 to address the changes made by the First Step Act. Courts are now bound by the policy statement contained in that Guideline provision, which provides authoritative guidance on what qualifies as an "extraordinary and compelling" reason. *United States v. Bryant*, 144 F.4th 1119 (9th Cir. 2025).

The policy statement directs that before reducing an otherwise final sentence, in addition to an "extraordinary and compelling reason" supporting the reduction, a court must find (1) that the defendant does not present a danger to others and the community, and (2) that the reduction be appropriate after considering the factors in 18 U.S.C. § 3553(a).

The first prong of the Sentencing Commission's policy statement upon which Ms. Hamrick relies provides that "extraordinary and compelling" reasons for a reduction in sentence exist under the following circumstance:

> (3) Family Circumstances of the Defendant.—
>
> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

USSG 1B1.13(3)(C).

"Incapacitation" is not defined in the Guidelines. However, the cases that have looked at this issue have generally held that "incapacitated" is synonymous with "completely disabled" or "unable to carry on any self-care and [are] totally confined to a chair or a bed" or has a "severe cognitive deficit" like Alzheimer's that similar interferes with the individual's ability to care for themselves. *United States v. Rooks*, 2022 WL 267899 (E.D.PA 2022); *United States v. Perez*, 2025 WL 28235. "The bar to show incapacitation is a high one." *United States v. Head*, __ F.Supp.4th ___, 2025 WL 2229803 *3 (E.D.CA August 5, 2025) (internal citations and quotation marks omitted).

A defendant seeking compassionate release has the burden of establishing grounds for such an extraordinary remedy. *United States v. Wright*, 46 F.3rd 938, 951 (9th Cir. 2022); *United States v. Grummer*, 519 F.Supp.3d 760, 762 (S.D.CA 2021). "[C]onclusory statements are insufficient to carry his burden of persuasion." *United States v. Georgia*, 2024 WL 812041 (S.D.Ga 2024). Where a defendant claims that a family member's medical issues constitute "incapacitation" the defendant has the burden of producing medical records or a note from a treating physician to establish said incapacitation. *United States v. Romano*, 707 F.Supp.3d 233, 237-38 (E.D.NY 2023). "To carry this burden, defendants should provide evidence to the court by way of 'adequate information and documentation . . . including but not limited to a statement and verifiable medical documentation regarding the individual's incapacitation . . ." *United States v. Michel*, 2025 WL 786284 (S.D.FL 2025) (citations omitted).

Similarly, it is the defendant who has the burden of production and persuasion that she is the "only available caretaker" for her allegedly incapacitated family member. The law is clear – the mere fact that it would be inconvenient or costly to an alternative caregiver to provide care for the incapacitated family member is *not* sufficient to show there is no one else available to do so. *Michel*, *supra* at *4. *Rooks, supra*, at *6.

**B. Exhaustion of Administrative Remedies**

With the passage of the First Step Act in 2018, defendants are free to directly file their own motion with the Court – but only provided a defendant first exhausts administrative remedies within the BOP. A defendant bears the burden of proving that exhaustion of administrative remedies. *United States v. Van Sickle*, 2020 WL 2219496 (WDWA 2020). The administrative exhaustion requirement is "a mandatory claims processing rule that must be enforced when properly invoked." *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021). The evidence establishes that Ms. Hamrick sent a request for compassionate release to the warden of her facility, and her request was denied. Dkt. 332.

**C. Extraordinary and Compelling Circumstances.**

The Court must next determine if extraordinary and compelling circumstances warrant a reduction of Ms. Hamrick's term of imprisonment. *See* 18 U.S.C. § 3582(c)(1)(A)(i); USSG § 1B1.13.

Ms. Hamrick argues that she has presented two extraordinary and compelling reasons to grant her immediate release. First, she contends she is needed to provide care and assistance for her mother, who has been diagnosed with terminal cancer, and her elderly father. Dkt. 332.

As discussed above, pursuant to Section 1B1.13(b)(3)(C), to qualify for potential compassionate release, Ms. Hamrick has the burden of establishing both that her parents are incapacitated and that she is the only available caregiver. The government argues

that Ms. Hamrick has failed to meet her burden in that while she has submitted letters and statements from her parents indicating that she is their only available caregiver, these documents were created prior to her incarceration over a year ago. Dkt. 334. Ms. Hamrick's submissions date from 2024 and 2025, and are the same letters and statements the Court considered at the time of sentencing and in granting Ms. Hamrick's seven motions to extend her report date to begin serving her custodial sentence. The Court notes that it extended Ms. Hamrick's report date for approximately 16 months based on her purported need to be at home to care for her terminally ill mother. Dkts. 262, 290, 295, 299, 302, 308, 323.

As the government argues, Ms. Hamrick has been in custody since September 1, 2025, but offers no current evidence relating to the care of her parents since she has been incarcerated. As evidenced by the Presentence Report, Ms. Hamrick has a brother who evidently lives in the same city as her parents. PSR ¶ 61. Ms. Hamrick's motion is silent as to this fact. The Court is sympathetic that Ms. Hamrick is not able to spend this time with her parents, but there is no evidence before the Court that they are unable to manage without her care. The Court finds that Ms. Hamrick has failed to meet her burden of showing that there is no other available caregiver for her parents to warrant the relief she seeks.

The second prong upon which Ms. Hamrick's motion relies is her claim that she is suffering from a rare autoimmune disorder for which the BOP is unlikely to provide adequate care, and indicating the cost of her care is a burden upon the BOP and the taxpayers. Dkt. 332. However, other than a brief note from Dr. Ramesh C. Gupta representing that Ms. Hamrick was diagnosed with common variable immunodeficiency syndrome, and a letter setting forth her eligibility for financial assistance to offset the cost of her care in the community, Ms. Hamrick provides no medical records or other evidence supporting her contention the BOP is unable, unwilling or unlikely to provide treatment for her condition while in custody. Dkt. 332. The government counters that while Ms. Hamrick may have an autoimmune disorder, there is no evidence that the BOP

is unable to manage her condition. In fact, Ms. Hamrick is serving her sentence at a federal medical center and the nearly 650 pages of medical records generated during her first year in custody, as filed with the government's opposition, belie Ms. Hamrick's claim that the BOP is unlikely to provide her adequate care. Dkt. 336. The medical records reflect that Ms. Hamrick is being treated frequently by medical providers, including referrals to specialists in immunology, and there has been no evidence presented that the BOP is unable to manage her medical care.

**D. Safety of Others**

Having made the determination that Ms. Hamrick has failed to meet her burden to support compassionate release, there is no need for this Court to address the issue of whether she is a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142 (g).

## III. CONCLUSION

For the foregoing reasons, Defendant Jodi Hamrick's motion for compassionate release is **DENIED**.

DATED this 15th day of September, 2026.



The Honorable Richard A. Jones
United States District Judge